**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**VANESSA HUTCHENSON et al**                                                   **PLAINTIFFS**

**V.**                                                               **CASE NO. 4:03CV260**

**AMERICAN HOME PRODUCTS CORPORATION et al**           **DEFENDANTS**

### MEMORANDUM OPINION

This cause comes before the Court on several pending motions to dismiss in the above-styled case. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are 26 Mississippi residents ("the parents") who are suing on their own behalf for medical expenses and other economic losses incurred as a result of injuries allegedly suffered by their children due to the administration of Food and Drug Administration ("FDA") approved childhood vaccines containing the preservative thimerosal. The defendants are a wide variety of entities alleged to be responsible for the making and manufacturing of thimerosal or for incorporating thimerosal into a vaccine or for administering the vaccine to the parents' children. For the purposes of this order, the Court divides the defendants into three categories: (1) the in-state vaccine defendants, which consist of those defendants who are Mississippi residents and who were responsible for vaccinations, (2) the out-of-state vaccine defendants, which consist of those defendants who are not Mississippi residents and who were responsible for manufacturing and selling the vaccines which contained the thimerosal, and (3) the thimerosal defendants, which include out-of-state defendants engaged in the manufacture and sale of thimerosal.

The defendants collectively removed this case to federal court on May 19, 2003 alleging that the in-state defendants were fraudulently joined to defeat diversity. The plaintiffs timely moved for

remand. On July 26, 2004, this Court dismissed the motion for remand and stayed the case pending ruling by the Fifth Circuit on related cases which also involved thimerosal. The Court gave the plaintiffs leave to renew their motion for remand in the event that the Fifth Circuit ruling was favorable to the plaintiffs.

On March 23, 2006, the Fifth Circuit handed down its ruling in Holder v. Abbott Laboratories, Inc., 444 F.3d 383 (5th Cir. 2006). In Holder, the Fifth Circuit held that the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 *et seq* ("the Vaccine Act), acted to bar the plaintiffs' claim against the in-state defendants and the out-of-state vaccine defendants because the Vaccine Act required plaintiffs allegedly injured by a vaccine to bring their claims in the Vaccine Court created by the Vaccine Act. Holder, 444 F.3d at 387. As such, dismissal was proper with regard to the in-state defendants and also the vaccine defendants. Id. However, because thimerosal itself is a preservative and not a part of a vaccine, the plaintiffs were not required to sue the thimerosal defendants in the Vaccine Court. Id. Consequently, the Smallwood doctrine did not apply to the case, and removal was proper. Id. (quoting Smallwood v. Illinois Central Railroad, Co., 385 F.3d 568, 576 (5th Cir. 2004)(holding that defendants could not invoke fraudulent joinder argument to destroy diversity where "common defense" applied to all defendants)). Accordingly, the Fifth Circuit affirmed the dismissal of the in-state defendants and the vaccine defendants but not the thimerosal defendants.

Applying Holder to the case at bar, the Court agrees with the defendants that under the Vaccine Act, there is no possibility of plaintiffs' recovery against the in-state defendants. Accordingly, those defendants are DISMISSED. Furthermore, it is likewise clear that there is no possibility of recovery against the vaccine defendants, and those defendants are DISMISSED as well.

A separate order to that effect shall issue this day.

This is the 20th day of June, 2006.

                                                   **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**